PANITCH SCHWARZE BELISARIO & NADEL LLP
One Commerce Square
2005 Market Street, Suite 2200
Philadelphia, PA 19103
(215) 965-1330
*Attorneys for Plaintiff Brandywine Product Group International, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| **BRANDYWINE PRODUCT GROUP INTERNATIONAL, INC.,** | ) ) ) ) | **C.A. No. _____** |
| *Plaintiff,* | ) |  |
| v. | ) |  |
| **UNIVERSAL DISTRIBUTION CENTER LLC,** | ) ) ) |  |
| **JACK'S WORLD WEST 45TH ST. INC., and** | ) ) |  |
| **WYATT CHEMICAL CORPORATION,** | ) ) |  |
| *Defendants.* | ) |  |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Brandywine Product Group International, Inc. ("BPG"), having a place of business at Three Mill Road, Suite 202, Wilmington, Delaware 19806, for its Complaint against Defendants Universal Distribution Center LLC ("Universal"), having a place of business at 96 Distribution Boulevard, Edison, New Jersey 08817, Jack's World West 45th St. Inc. ("Jack's World"), having a place of business at 45 West 45th Street, New York, New York 10036, and Wyatt

Chemical Corporation ("Wyatt"), having a place of business at 300 Steeple Point Drive, Roswell, Georgia 30076 (collectively Universal,Jack's World and Wyatt referred to as "Defendants"), respectfully alleges as follows:

1.  This is an action for preliminary and permanent injunctive relief, damages, and attorneys' fees for Defendants' willful design patent and trade dress infringement, false designation of origin, deceptive acts and practices, and unfair competition under Federal and state law.  This action arises out of the sale and offering for sale by Defendants of gel air freshener products in a package with a lid with a design that infringes BPG's design patent, and packaging brand elements that are strikingly and confusingly similar to the packaging brand elements employed by BPG for its gel air freshener products, all in violation of BPG's design patent and trade dress rights.

2.  BPG offers gel air fresheners in cylindrical white tubs with rounded bottom edges and rounded shoulders.  The tubs are closed with distinctive solid color lids that coordinate with the fragrance contained in the package.  BPG has eight different fragrances that it offers under its "Bright Air®" trademark, and eight distinctive lid colors:

| | |
|---|---|
| Blue | Cool & Clean |
| Orange | Mandarin Orange & Fresh Lemon |
| Dark Purple | Lavender & Fresh Linen |
| Lime Green | Refreshing Lime & Mint |
| Dark Pink | Island Nectar & Pineapple |
| Light Purple | Wild Raspberry & Pomegranate |
| Yellow-Green | Zesty Lemon & Lime |
| White | White Peach & Citrus |
| Red | Fresh Apples & Spice |
| Dark Green | Winter Pine & Berries |

3.  At the heart of Defendants' campaign of deception is the deliberate use of lids and trade dress strikingly similar to BPG's "Bright Air®" gel air fresheners trade dress.  Universal has redesigned its gel air freshener packaging to deliberately mimic the unique elements of the BPG trade dress and patented design of the BPG package lid.  Side by side images of two of BPG's products and two of Universal's accused products are shown below (BPG's products are on the left and the Defendants' Accused Products are on the right):

3





4.  Because Defendants' new gel air freshener packaging will inevitably confuse consumers, BPG has no choice but to seek immediate injunctive relief against the continued sale of these deceptively-designed products.

## THE PARTIES

5.  Plaintiff Brandywine Product Group International, Inc. is a Delaware corporation having a place of business at Three Mill Road, Suite 202, Wilmington, Delaware 19806.

6.  On information and belief, Defendant Universal Distribution Center LLC is a New Jersey limited liability company having a place of business at 96 Distribution Boulevard, Edison, New Jersey 08817.

7.  On information and belief, Jack's World 45th St. Inc. is a New York corporation having a place of business at 45 West 45th Street, New York, New York 10036.

8.  On information and belief, Wyatt Chemical Corporation is a Texas corporation having a place of business at 300 Steeple Point Drive, Roswell, Georgia 30076.

## JURISDICTION AND VENUE

9.  This action arises under the United States Patent Laws, 35 U.S.C. §§1 et. seq.  This action further arises under the Lanham Act, 15 U.S.C. §§1051 et. seq. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C.

§1121 and 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction pursuant to 28 U.S.C. §1367.  This Court also has jurisdiction under 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and because the amount in controversy exceeds $75,000.

10.  This Court has personal jurisdiction over Defendants pursuant to N.J. Rule 4:4-4.  Upon information and belief, Universal has a place of business in New Jersey.  Upon information and belief, Defendants regularly have placed their products into the stream of interstate commerce with the knowledge and intent that some products would be sold in the State of New Jersey, have solicited business in the State of New Jersey, have transacted and done business in the State of New Jersey, have wrongfully caused injury to BPG in the State of New Jersey, such injury being reasonably foreseeable, and derive substantial revenue from interstate commerce.

11.  Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendants conduct business in the State of New Jersey.  Venue also is proper in this District pursuant to 28 U.S.C. §1391(c) because Defendants reside or are deemed to reside in this District.

## **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

12.  BPG is a global innovation company that creates new and innovative products for all US retail and wholesale markets and classes of trade. Many of

BPG's products are air fresheners that are sold in the home cleaning, automotive, commercial, office, and home décor retail and wholesale spaces. BPG supplies major consumer goods companies as well as large US retailers. BPG develops private label products for sale at retail merchants. BPG also develops products for sale under its own "Bright Air®" brand.

13.   About ten years ago, BPG invested in market work and identified a need for a cost effective, longer duration fragrance life air freshener for consumers to use in medium to large spaces. Starting in 2006, BPG created its own brand look and launched this flagship product into the retail market place with great success and acceptance. The product had a unique look and value proposition that really connected with the consumer. The fragranced gel is held within an oversized white molded polymer cylindrical-shaped container that is sized to hold 14 ounces of fragranced gel. Each fragrance container has a unique colored lid of a molded polymer that complements the fragrance held in the container. As one example, the lavender and linen fragrance has a dark purple lid. As another example, the refreshing citrus fragrance has a lime green lid. As set forth in Paragraph 2 of this Complaint, BPG sells ten different air freshener gel products, each with a package having a lid of a color selected to pair with the fragrance of the fragranced gel held within the package.

14. Each lid of BPG's air freshener gel product packages further has a distinctive vent pattern through its top surface, which comprises an array of oval slot openings radiating outwardly from the center in offset rings that are suggestive of petals of a flower. The consistent elements across BPG's air freshener gel product packages include: the white cylindrical container to hold fragrance gel, the rounded bottom edge of the cylindrical containers, the colored lids that are paired with the type of fragrance held in the container, and the ornamental vent pattern through the top surface of each lid. These consistent elements of trade dress define a consistent family look that conveys a single and continuing commercial expression, renders members of the family identifiable as emanating from a single source, and represents a source of consistent high quality goods to consumers (the "BPG Trade Dress"). This goodwill is a valuable asset of BPG, and is among BPG's most valuable intellectual property.

15. BPG has invested substantially in promoting its "Bright Air®" brand with a strategy that focuses heavily on BPG flagship product with the BPG Trade Dress. This has included online digital marketing, circulars, promotional displays, merchandising, and trade co-op events. BPG has experienced substantial growth in annual sales of its products each year. Since inception BPG has sold multi-million dollars of its signature flagship gels sold in the BPG Trade Dress.

16.  On July 12, 2011, U.S. Design Patent D641,464S (the "'464 Patent") issued to BPG as assignee (Exhibit A).  The '464 Patent claims the ornamental design for an air freshener dispenser lid.  The '464 Patent covers the design of the lids used with BPG's air freshener gel product packages.

17.  BPG is the assignee of all right, title, and interest in and to the '464 Patent and possesses all rights of recovery under the '464 Patent, including the right to sue for infringement and recourse for damages.

18.  It has recently come to the attention of BPG that Defendants are selling gel air freshener products in white cylindrical containers to hold fragrance gel, where the containers have a rounded bottom edge and are capped with colored lids. The colored lids are paired with the type of fragrance held in the container in some of the same combinations that are offered by BPG.  The lids have an ornamental vent pattern through their top surfaces that is identical to BPG's ornamental vent pattern, and identical to the design patented in the '464 Patent.  A side-by side comparison of one of BPG's products and one of the Accused Products sold by Defendants is shown here:





19.  The Accused Products are displayed for sale with other air freshener products in Jack's World stores.  The shape of the containers and the lid on these containers immediately distinguishes the Accused Products from other gel air freshener products as shown:



For comparison, BPG's products with the BPG Trade Dress are shown on a store shelf below:



20.  That Defendants intend to trade or free ride on the goodwill of the BPG Trade Dress and the BPG patented lid is obvious.  They have incorporated the BPG Trade Dress lid and lid color combinations with the white cylindrical container to cause confusion or mistake or deceive purchasers, potential purchasers, and the relevant public and trade as to the source or sponsorship or approval of the Accused Products, and/or their affiliation with BPG, and are thereby causing harm to BPG's reputation and goodwill.

21.  Defendants were and are, at all relevant times, at least constructively aware of BPG's prior use and ownership of the BPG Trade Dress.

22.  The Accused Products compete directly with BPG's products in the exact same channels of commerce.  BPG sells its air freshener gel products with the BPG Trade Dress in discount retail stores.  The Accused Products are sold in discount retail stores.

23.  BPG has never authorized or licensed Defendants to use the BPG Trade Dress on or in connection with the Accused Products being offered by Defendants.

24.  Defendants have sold and offered for sale, and continue to sell and offer for sale, the Accused Products in this State and judicial district for sales and offers for sale to residents of this State and judicial district.

25.  BPG has never authorized or licensed Defendants to sell a container with a lid bearing the design patented in the '464 patent.

26.  Defendants' Accused Products are likely to cause initial interest confusion or mistake, or initially deceive purchasers, potential purchasers, and the relevant public and trade as to the source or sponsorship or approval of Defendants' Accused Products by BPG and/or to an affiliation with BPG, thereby causing harm to BPG's reputation and goodwill.

27.  Defendants' unlawful conduct is causing and will continue to cause harm to BPG.  In particular, consumers seeing Defendants' Accused Products will believe that the Defendants' Accused Products are associated with BPG or its air freshener products.  This conduct, if not enjoined, will undermine the goodwill that BPG has cultivated for its innovative products.

## COUNT I

### (Design Patent Infringement – 35 U.S.C. §§271 and 289)

28.  BPG repeats and realleges the allegations contained in paragraphs 1 through 27 above as if fully set forth herein.

29.  The claim of the '464 Patent is presumed valid pursuant to 35 U.S.C. § 282.

30.  Defendants, in violation of 35 U.S.C. § 271, have been and are currently infringing, contributorily infringing and/or inducing others to infringe the claim of the '464 Patent, either literally or under the doctrine of equivalents, by making, causing to be made, using, offering for sale, selling and/or importing into the

United States, without license or authority, at least the Accused Products, which are covered by the claim of the '464 Patent.

31.  Defendants have willfully infringed and, upon information and belief, will continue to willfully infringe upon the claim of the '464 Patent by the use, manufacture, offer for sale, sale, and/or importation of the Accused Products unless this Court enjoins Defendants' infringing activities.

32.  As a result of Defendants' willful infringement of the '464 Patent, BPG has been damaged to an extent not yet determined.

33.  BPG is entitled to monetary damages adequate to compensate it for Defendants' infringement of a design patent under 35 U.S.C. §289, increased damages under 35 U.S.C. § 284, together with interest, costs, and attorneys' fees under 35 U.S.C. § 285, and is entitled to injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

## COUNT II

### (Trade Dress Infringement and False Designation of Origin Under Section 43(a) of the Lanham Act)

34.  BPG repeats and realleges the allegations contained in paragraphs 1 through 33 above as if fully set forth herein.

35.  Defendants' Accused Products feature a trade dress that is confusingly similar to the BPG Trade Dress.  Such trade dress use will cause loss of goodwill and profits to BPG, unjustly enrich Defendants, damage the reputation of genuine

BPG branded air freshener products, and injure the public by causing confusion, mistake and/or deception.

36.  BPG has no adequate remedy at law.  The conduct described herein has caused, and if not enjoined, will continue to cause irreparable damage to the rights of BPG in the BPG Trade Dress and in its business, reputation and goodwill.

37.  Defendants' deceptive marketing and sales practices in connection with the Accused Products in their present packaging constitutes false designation of origin and infringement of the BPG Trade Dress in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

38.  By reason of the foregoing, BPG is entitled to preliminary and permanent injunctive relief against Defendants, restraining them from any further acts of trade dress infringement, false designation of origin and unfair competition, and, after trial, recovery of any damages (to the extent calculable) proven to have been caused by reason of Defendants' aforesaid acts.

39.  Pursuant to 15 U.S.C. §1117(a), BPG is entitled to damages for Defendants' use of the BPG Trade Dress, an accounting of profits made by the Defendants, and recovery of BPG's costs of this action.

40.  Defendants are and were at all relevant times at least constructively aware of BPG's prior use and ownership of the BPG Trade Dress.  Defendants' conduct therefore is willful and intentional.  The intentional use of the BPG Trade

Dress by Defendants makes this an exceptional case entitling BPG to an award f

three times its actual damages and recovery of its reasonable attorneys' fees.

## COUNT III

### (Unfair Competition – N.J.S.A. §§56:4-1 et seq.)

41.  BPG repeats and realleges the allegations contained in paragraphs 1
through 40 above as if fully set forth herein.

42.  Defendants' acts complained of herein constitute unfair competition in
violation of N.J.S.A. §§56:4-1 et seq.

43.  Defendants' use of the BPG Trade Dress is causing and is likely to
continue to cause confusion, mistake, or deception as to the origin, sponsorship, or
approval of Defendants' Accused Products by BPG.

44.  The aforesaid infringement by Defendants was committed willfully,
knowingly, maliciously, and in conscious disregard of BPG's rights.

45.  On information and belief, Defendants will continue to infringe upon
BPG's rights under N.J.S.A. §§56:4-1 et seq., and BPG has been and is likely to
continue to be injured unless Defendants are enjoined by this Court.

46.  On information and belief, as a result of such unfair competition,
consumers are likely to purchase Defendants' Accused Products under the
mistaken belief that the Defendants' Accused Products emanate from BPG.

16

47.  As a result of Defendants' unfair competition, BPG has been and is likely to continue to be injured by the diversion of sales from BPG to Defendants and by the decrease in the goodwill BPG's products enjoy with consumers.  The injuries to BPG are irreparable and BPG is without an adequate remedy at law.

## COUNT IV

**(Unfair Competition in Violation of New Jersey Common Law)**

48.  BPG repeats and realleges the allegations contained in paragraphs 1 through 47 above as if fully set forth herein.

49.  Defendants' acts complained of herein constitute infringement of the BPG Trade Dress and unfair competition in violation of the common law of New Jersey as they are likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants or as to the origin, sponsorship, or approval of Defendants' Accused Products, services or commercial activities in violation of BPG's rights.

50.  Defendants have willfully engaged in acts of trade dress infringement and unfair competition.

51.  Defendants' acts of trade dress infringement and unfair competition have caused, and if not restrained by this Court, will continue to cause BPG serious and irreparable injury for which BPG has no adequate remedy at law.

## JURY DEMAND

52.     BPG hereby demands a trial by jury.

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, BPG respectfully requests judgment against Defendants as follows:

(a)     A judgment that Defendants have infringed the '464 Patent;

(b)     A preliminary injunction and a permanent injunction enjoining Defendants and their respective affiliates, subsidiaries, officers, directors, employees, agents, representatives, servants, licensees, attorneys, successors, assigns, and/or those in privity with them, from infringing, contributorily infringing, or inducing the infringement of the '464 Patent;

(c)     A preliminary injunction and a permanent injunction enjoining Defendants from manufacturing, selling, distributing, advertising, promoting, offering for sale, or authorizing any third party to manufacture, sell, distribute, advertise, promote or offer for sale the Accused Products or products using the BPG Trade Dress, or any derivative thereof or any designation similar thereto;

18

(d)     A preliminary injunction and a permanent injunction enjoining Defendants from using or authorizing any third party to use in connection with the rendering, offering, advertising, or promotion of any business, goods or services, any false description, false representation, or false designation of original of any trade dress which falsely associate such business, goods and/or services with BPG or tend to do so;

(e)     A preliminary injunction and a permanent injunction enjoining Defendants from engaging in any other activity constituting unfair competition with BPG, or constituting an infringement of the BPG Trade Dress;

(f)     An order for the recall and destruction of any marketing materials, packaging, advertisements, receptacles, and products of Defendants, the manufacture or sale of which is enjoined pursuant to any injunction ordered by the Court, or that violate 15 U.S.C. §§1125(a) or any other applicable statute;

(g)     An order that Defendants deliver up for destruction all infringing products in their possession or control and all means of making the same in accordance with 15 U.S.C. §1118.

(h)    A decree that Defendants' infringement of the '464 Patent has been, and continues to be, willful and deliberate;

(i)    An award to Plaintiff of damages that are adequate to fully compensate it for Defendants infringement of the '464 Patent and for Defendants' trade dress infringement and unfair competition, together with prejudgment interest and costs, including enhanced damages for any willful infringement under 35 U.S.C. § 284;

(j)    An accounting and payment by Defendants to Plaintiff of all profits realized by Defendants from the unlawful acts complained of herein pursuant to 35 U.S.C. § 289;

(k)    A finding that this case is exceptional, and awarding Plaintiff its costs, reasonable attorneys' fees, and expenses in this action pursuant to 15 U.S.C. §1117 and N.J.S.A. §§56:4-1 et seq.;

(l)    An award of enhanced damages of three times profits or damages (whichever is greater) to be paid by Defendants, pursuant to 15 U.S.C. §1117 and N.J.S.A. §§56:4-1 et seq.;

(m)    An accounting for damages arising from the infringement of the '464 Patent by the Defendants (and those in privity with them), including, but not limited to, those sales not presented at trial and an award by the Court for any such sales; and

(n)    An award of such other and further relief, at law or in equity, as the

Court may deem just and proper.

Dated:  April 21, 2016                     RESPECTFULLY SUBMITTED,

By: /s/  Keith Jones_____
      Keith Jones
      Patricia Smink Rogowski  *(pro hac vice)*
      PANITCH SCHWARZE BELISARIO & NADEL LLP
      One Commerce Square
      2005 Market Street, Suite 2200
      Philadelphia, PA 19103
      (215) 965-1330
      kjones@panitchlaw.com
      progowski@panitchlaw.com

      *Counsel for Plaintiff Brandywine Product Group International, Inc.*