NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BRANDYWINE PRODUCT GROUP INTERNATIONAL,**<br><br>   Plaintiff,<br><br>   v.<br><br>**UNIVERSAL DISTRIBUTION CENTER LLC,**<br><br>   Defendant. | Civ. No. 2:16-cv-02248 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

   This matter comes before the Court on Plaintiff's motion for a preliminary injunction. Plaintiff, Brandywine Product Group International, alleges that Defendant Universal Distribution Center LLC is selling household air freshener products that infringe Plaintiff's trade dress and design patent. For the reasons that follow, the Plaintiff's motion for preliminary injunctive relief is **DENIED.**

**I.   BACKGROUND**

   The following facts are drawn from the Plaintiff's Complaint and the parties' submissions in connection with Plaintiff's motion for a preliminary injunction.

   **A.  Plaintiff's Business**

   Since 2006, Plaintiff Brandywine Product Group International ("BPG") has produced household air fresheners under the brand "Bright Air®" for retail and wholesale markets throughout the United States. Compl. 6. The instant action concerns BPG's "flagship product," a 14 oz. polymer cylinder containing a

fragrance-emitting gel. Each air freshener features an ornamental lid that is color-coded to signify the type of fragrance emitted by the gel; for example, an orange top denotes a scent of "Mandarin Orange & Fresh Lemon." Heflin Decl. ¶ 10. The Complaint further describes each lid as featuring "an array of oval slot openings radiating outwardly from the center in offset rings that are suggestive of petals of a flower." Heflin Dec. ¶ 8. BPG was issued design patent D641, 464S (the "464 Patent") in 2011 claiming "[t]he ornamental design for an air fresher dispenser lid." Compl. Ex. A. BPG has not registered for trade dress protection with the United States Patent and Trademark Office.

### B. The Instant Action

Plaintiff BPG brought this action in April of 2016 after discovering that Defendant Universal's air fresheners were being sold by Jack's World in midtown Manhattan.[1] BPG brings claims for willful design patent infringement, trade dress infringement and false designation of origin, deceptive acts and practices, and unfair competition.[2] On May 19, 2016, BPG moved to enjoin Universal from producing, selling, marketing or distributing the allegedly infringing products, and to recall those products previously distributed to third parties.

Without providing specific information about the scale of its production, BPG asserts that it has built considerable goodwill and reputation for the product line at issue. BPG reports investing at least $5 million in trade marketing activities, though it does not specify what portion of this amount was spent on this particular line of products. Heflin Decl. ¶ 15.

Universal's products unquestionably resemble BPG's Bright Air® products, particularly as to the ornamental lid claimed in Patent 464.[3] Universal argues that Patent 464 is invalid because BPG has been selling its patented air freshener (or some variation thereof) since 2006, and was therefore barred from receiving protection under the Patent Act's prior art rule when applying for protection in 2011. 35 U.S.C. § 102(b) (barring patent protection for inventions sold more than one year prior to filing of patent application). BPG insists that the vent pattern claimed in Patent 464 did not exist before 2011, and Universal has not produced actual evidence to the contrary. Pl.'s Reply Mem. 10.

---

[1] Jack's World was initially named as a co-defendant in this lawsuit but was dismissed without prejudice on 05/09/2016 by Order of this Court pursuant to Rule 41(a)(1).
[2] Only the patent and trademark claims are discussed in BPG's Memorandum of Law.
[3] Universal's products sell for $0.99, compared with BPG's $2.99 products.

## II. DISCUSSION

A preliminary injunction is an "extraordinary remedy, which should be granted only in limited circumstances." *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm Co.,* 290 F.3d 578, 586 (3d Cir. 2002). A plaintiff must show (1) it is likely to succeed on the merits; (2) denial will cause it irreparable harm; (3) granting the injunction will not result in irreparable harm to the Defendant; and (4) granting the injunction is in the public interest. *Nutrasweet Co. v. Vit-Mar Enterprises*, 176 F.3d 151, 153 (3d Cir. 1999). "The burden lies with the plaintiff to establish every element in its favor, or the grant of a preliminary injunction is inappropriate." *P.C. Yonkers, Inc. v. Celebrations the Party and Seasonal Superstore, LLC*, 428 F.3d 504, 508 (3d Cir. 2005) (citations omitted). Because BPG has failed to demonstrate that irreparable harm is likely absent injunctive relief, its motion for preliminary injunctive relief is denied.

### A. Irreparable Harm

The Patent Act authorizes courts to grant injunctive relief "according to the principles of equity." 35 U.S.C.A. § 283; *eBay v. MercExchange, LLC*, 547 U.S. 388, 393-94 (2006).[4] For the "extraordinary remedy" of an injunction, Plaintiff BPG must provide a "clear showing" that irreparable harm is likely absent such relief. *Ferring Pharm., Inc. v. Watson Pharm., Inc.*, 765 F.3d 205, 217 (3d Cir. 2014). A mere "possibility" of harm will not suffice. *Id.* BPG fails to meet this standard because it offers no evidence that irreparable harm is likely.

In *Ferring Pharmaceuticals, Inc.*, the Third Circuit held that presuming irreparable harm from a finding of likely success on the merits "is inconsistent with . . . [the] principles of equity" that guide a court's decision of whether to grant preliminary injunctive relief. *Ferring Pharm., Inc. v. Watson Pharm., Inc.*, 765 F.3d 205, 217 (3d Cir. 2014). *See 7-Eleven, Inc. v. Sodhi*, 2016 WL 541135, at *5–6 (D.N.J. Feb. 9, 2016); *Buzz Bee Toys, Inc.*, 20 F.Supp.3d 483, 494-95 (D.N.J. 2014) (explaining that "irreparable harm must be established as a separate element, regardless of whether a plaintiff has shown infringement.") (quoting *eBay v. MercExchange, LLC*, 547 U.S. 388, 393-94 (2006)). Enjoining Universal absent some minimal evidentiary showing would require a presumption of irreparable harm

---

[4] As the Plaintiff observes, the same analysis applies in design patent and trade dress cases. 15 U.S.C. § 1116(a) (Lanham Act); *Ferring Pharmaceuticals, Inc. v. Watson Pharmaceutircals, Inc.*, 765 F.3d 205 (2014).

and "would relieve the plaintiff of her burden to make such a showing." *Ferring Pharm., Inc.*, 765 F.3d at 217.

To begin with, BPG provides no evidence of the reputation or brand loyalty it argues is likely to sustain irreparable harm. *MHA, LLC v. Siemens Healthcare Diagnostics, Inc.*, 2015 9304543, at *4 (D.N.J. Dec. 21, 2015). For instance, the record contains no consumer feedback in the form of surveys or consumer reviews or evidence that BPG's product has been featured in trade publications. Def. Memo. Opposing Prelim. Inj. 4. Nor does BPG state what percentage of its revenue comes from sales of its "flagship" product line. The Court thus has no basis for estimating the likely extent of BPG's injury relative to the size of the company. The Court cannot find, for instance, that diminished sales would seriously jeopardize BPG's future by depriving it of critical revenue. *See Janssen Prod. L.P. v. Lupin Ltd.*, 109 F. Supp., at 702 (testimony of financial expert shows "that the competition with [plaintiff's] direct competitor will lead directly to the destruction of [plaintiff's] business.").

BPG also fails to provide evidence that the volume and regional scope of Universal's activity is sufficient to damage BPG's brand or diminish its market share. *Conair Corp. v. Barbar, Inc.*, No. 6:14-CV-831-ORL-31, 2014 WL 2993724, at *2 (M.D. Fla. July 3, 2014) (finding no irreparable harm where "volume of Defendants' sales is de minimis"). Rather, BPG asks the Court to hold that irreparable harm is imminent and likely based on the sale of allegedly infringing products at a single retail location. As it stands, BPG reports substantial revenue growth in spite of Universal's entry into the market; certainly it has not demonstrated that it has already been harmed. *See Am. Beverage Corp. v. Diageo N. Am., Inc.,* 936 F. Supp. 2d 555, 614–15 (W.D. Pa. 2013) (denying relief where plaintiff failed to show "a measurable decrease in the plaintiff's sales . . . correspond[ing] to sales increases for the defendant."). *See also Janssen Prod., L.P. v. Lupin Ltd.*, No. 10-5954 (WHW), 2016 WL 1029269 (D.N.J. Mar. 15, 2016) ("A showing of lost market share and sales can support a finding of irreparable harm required for injunction in patent infringement action."). The Court has little factual record on which to rule that irreparable harm to BPG's place in the market is likely and imminent.

Similarly, BPG cannot meet its burden of production merely by stating that "potential damage to BPG's reputation and brand loyalty" is likely to ensue from Universal's conduct. While evidence of intangible harm is often elusive, the law nonetheless requires BPG to "*demonstrate* that irreparable injury" of such nature is likely to flow from the sale of Universal's products. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (emphasis added); *7-Eleven, Inc. v. Sodhi*, 2016

4

WL 541135, at *5–6 (D.N.J. Feb. 9, 2016) (denying injunctive relief where plaintiff failed to provide "a factual basis for why harm is likely to occur."). BPG correctly observes that copying design patterns "creates a potential for [the] owner to lose control of its property rights . . . [and] cause damage to the owner's reputation," Pl.'s Mot. 32; but irreparable harm must be likely, not "potential." *Buzz Bee Toys, Inc.*, 20 F.Supp.3d, at 513.

BPG argues that the similarity in appearance of the two product lines "will likely result in consumers mistakenly purchasing Defendant's products under the incorrect assumption that they are purchasing BPG's products, and any defect or problem with the Defendant's product would inappropriately be attributed to BPG." Mem. Supp. Mot. Prelim. Inj. 32. That concern is not unreasonable. As in *Buzz Bee Toys, Inc.*, however, "Plaintiff has not shown that any consumers blame [the Plantiff] for or associate [the Plaintiff] with [the Defendant's] product failures, if any." *Buzz Bee Toys, Inc.*, 20 F.Supp.2d, at 513. Nor has BPG specified any aspect of Universal's product design likely to generate consumer dissatisfaction. Hypothetical or speculative harm cannot provide a basis for enjoining Universal without further development of the record. *Am. Beverage Corp. v. Diageo N. Am., Inc.*, 936 F. Supp. 2d 555, 614–15 (W.D. Pa. 2013). Finally, *Groupe SEB USA v. Euro-Pro Operating LLC* is inapposite, because that case involved a defendant's false statements of fact claiming the plaintiff's product to be inferior, from which the court could reasonably infer that harm to goodwill and reputation was likely. 774 F.3d 192 (3d Cir. 2014). Here, the mere fact that Universal has sold allegedly infringing products does not permit such an inference.

### B. Likelihood of Success on the Merits

Given BPG's failure to demonstrate the irreparable harm required for injunctive relief, the Court limits its analysis of likely success on the merits to the following observations. *See, e.g.*, *Checker Cab of Philadelphia, Inc. v. Uber Technologies*, Inc., --- Fed. Appx. ----, 2016 WL 929310, at *2 n. 6 (3d Cir. 2016) (where plaintiff fails to meet one of the four elements required for a preliminary injunction, a court need not determine whether the other elements have been met).

The statutory presumption of patent validity applies at all stages of litigation, including preliminary injunction proceedings. 35 U.S.C. § 282. *See Canon Computer Sys., Inc. v. Nu-Kote Int'l, Inc.*, 134 F.3d 1085, 1088 (Fed. Cir. 1998). To rebut the presumption of validity based on prior art, Universal must show "by clear and convincing evidence" that the vent pattern claimed in Patent 464 existed more than one year prior to BPG's filing with the United States Patent and Trademark

Office. *Ethicon v. End-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1328 (Fed. Cir. 2015). Universal has offered no such evidence. Further, based on the record provided by the parties, the Court acknowledges the obvious similarity in the parties' respective product lines. *See Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 676 (Fed. Cir. 2008).

Analysis of the merits of BPG's trade dress infringement claim is premature and unnecessary at this stage of the litigation.

## III. CONCLUSION

Because Plaintiff has not made the requisite showing for a preliminary injunction, the motion is **DENIED**.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**September 27, 2016**